IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DONALD RUSSELL ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INOVEX HOSPITALITY, LLC, S&S USA, ) <br> INC and CHOICE HOTELS ) <br> INTERNATIONAL, INC, ) <br> ) <br>     Defendants. ) | Case No. 2:23-cv-02572-JPM-cgc |

**ORDER GRANTING EXTENSION OF DEADLINES**

Before the Court is Parties' Joint Motion for a Stay or, in the Alternative, for Extension of All Scheduling Order Deadlines. (ECF No. 26.) Parties argue that, pursuant to Federal Rule of Civil Procedure 16(b)(4) and the Court's inherent authority to manage its own docket, and because of related criminal proceedings, an extension to the schedule is required to avoid prejudice. (Id.)

This case arises out of the alleged shooting of Plaintiff at a property owned or under the control of Defendants. (ECF No. 26 at PageID 249-50.) The alleged shooter, Vontre Hubbard, is under indictment and awaiting trial for the incident. (Id.) Parties request an extension of 90 days to the current schedule during the pendency of criminal proceedings.

"[D]istrict Courts have broad discretion in determining whether to stay a civil action while a criminal action is pending. . ." F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627

(6th Cir. 2014) (quoting Chao v. Fleming, 498 F.Supp.2d 1034, 1037 (W.D.Mich. 2007)). District courts generally weigh six factors in considering whether a stay is appropriate:

> 1) The extent to which the issue in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.
>
> Id. (quoting Chao, 498 F.Supp.2d at 1037.)

Here, the issuance of an indictment weighs in favor of granting a stay. Id. (quoting Trs. Of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, 866 F.Supp. 1134, 1139 (S.D.N.Y. 1995)). While here, the defendant in the underlying criminal case is not the same as the defendant in this case, the issues in the criminal case have significant overlap with those presented. Parties have represented that they would both be significantly prejudiced by a delay. (ECF No. 26 at PageID 250-52.) The public interest in this case, however, weighs in favor of expeditious proceeding: to the extent that findings in tort cases reduce or deter continuing harms or negligence, resolution of this case could prevent further wrongdoing. The courts and the public, however, have an interest in a full and fair briefing of civil cases, as well as avoiding duplicative findings of fact.

To balance the interests of the courts, parties, and the public in an efficient resolution to civil cases with the other factors, the Court **GRANTS** an extension of the current schedule by ninety (90) days. The following deadlines are established:

**ADR:** July 18, 2024

**ALL DISCOVERY:** October 25, 2024

    **WRITTEN DISCOVERY:** September 20, 2024

**DEPOSITIONS:** October 25, 2024

**DISCLOSURE OF PLAINTIFF'S RULE 26(A)(2) EXPERT INFORMATION:** August 6, 2024

**DISCLOSURE OF DEFENDANTS' RULE 26(A)(2) EXPERT INFORMATION:** September 7, 2024

**DISCOVERY DEPOSITIONS:** October 25, 2024

**EXPERT WITNESS DEPOSITIONS:** October 25, 2024

**MOTIONS TO EXCLUDE EXPERTS PURSUANT TO F.R.E. 702/DAUBERT MOTIONS:** November 8, 2024

**SUPPLEMENTATION UNDER F.R.E. 26(E):** October 25, 2024

**FILING OF DISPOSITIVE MOTIONS:** November 8, 2024

A Telephonic Status Conference is set for **July 24, 2024 at 9:30 a.m**. The schedule for trial, pretrial conference, and joint proposed pretrial order will be set at that time.

**SO ORDERED**, this 2nd day of May, 2024.

       /s/ Jon P. McCalla
       JON P. McCALLA
       UNITED STATES DISTRICT JUDGE